IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK



| | |
|---|---|
| IGOR KUPERSHTOK,<br>Chubarya Street 15<br>Apartment 12<br>Kharkov, Ukraine<br><br>and<br><br>ARNOLD BLINDER<br>Davydov Boulevard 14<br>Apartment 59<br>Kiev, Ukraine,<br><br>　　　　　Plaintiffs<br><br>　　v.<br><br>SOCIAL PSYCHIATRY RESEARCH, INC.<br>150 East 69th Street<br>New York, NY 10021<br><br>and<br><br>SPRI INTERNATIONAL, LLC<br>103 Foulk Road, Suite 200<br>Wilmington, DE 19803<br><br>　　　　　Defendants | CIVIL ACTION<br><br>NO. |

## COMPLAINT

Plaintiffs, Igor Kupershtok and Arnold Blinder, by and through undersigned counsel, Alan L. Frank, Esquire, Joel I. Fishbein, Esquire and Alan L. Frank Law Associates, PC hereby file this Civil Action Complaint against Defendants, and in support thereof, aver as follows:

### PARTIES

1.　　Igor Kupershtok is an adult individual, citizen of the Ukraine. Mr. Kupershtok currently resides at Chubarya Street 15, Apartment 12, Kharkov, Ukraine.

2. Arnold Blinder is an adult individual, citizen of the Ukraine. Mr. Blinder currently resides at Davydov Boulevard 14, Apartment 59, Kiev, Ukraine.

3. Social Psychiatry Research, Inc. is a New York corporation with its principal place of business at 150 East 69th Street, New York, NY 10021.

4. SPRI International, LLC is a Delaware limited liability company with its registered office at 103 Foulk Road, Suite 200, Wilmington, DE 19803.

## JURISDICTION AND VENUE

5. Jurisdiction is proper pursuant to 28 U.S.C. §1332 in that diversity of citizenship exists between the parties and the amount in controversy is in excess of $75,000.00.

6. Personal jurisdiction is present over the Defendant Social Psychiatry Research, Inc. pursuant to 18 U.S.C. § 1965(a) and (b) and 28 U.S.C. § 1391(b) and (d) in that Defendant Social Psychiatry Research, Inc. is organized and/or exists pursuant to the laws of the State of New York.

7. Personal jurisdiction is present over Defendant SPRI, LLC pursuant to New York's long arm statute, N.Y. CLR. 302(a)(3).

8. Specifically, this Court may exercise personal jurisdiction over SPRI, LLC, as provided in N.Y. CLR 302(a)(3), because SPRI, LLC is a non-domiciliary which should reasonably expect its acts to have consequences in this state and, because, upon information and belief, SPRI, LLC derives substantial revenue from interstate or international commerce.

9. Venue is proper in the Southern District of New York pursuant to 18 U.S.C. § 1965(a) in that one the Defendants is organized and/or existing pursuant to the laws of the State of New York and the events giving rise to this Complaint took place in this District.

## FACTUAL BACKGROUND

10. At all times relevant to this Complaint, Social Psychiatry Research, Inc. has been in the business of conducting clinical trials to determine the safety and efficacy of medications.

11. The principals of Social Psychiatry Research, Inc. have, at all times relevant to this Complaint been Ari Kiev, President; Nick Vitakis, Vice President and Matthew Lehman, Director of Operations.

12. In 2003, negotiations commenced between Air Kiev, Nick Vitakis, Igor Kupershtok and Arnold Blinder regarding the organization of a business to conduct clinical trials in the State of Ukraine.

13. As a result of these negotiations, Kiev, Vitakis and Lehman agreed that Social Psychiatry Research, Inc. would finance the operations and would search for potential clinical trials to be performed in the Ukraine through its contacts with pharmaceutical companies in the United States and Western Europe.

14. Further, as a result of these negotiations, Kupershtok and Blinder agreed that they would organize and manage the clinical trials performed in the Ukraine.

15. Also, as a result of these negotiations, it was contemplated that a new entity or entities would be formed to conduct the business described above and that Social Psychiatry Research, Inc. would own 65% of that entity and Blinder and Kupershtok would own the rest of that entity in equal 17.5% shares.

16. On June 14, 2004, Kiev, Vitakis and/or Lehman caused SPRI International, Inc. to be registered with the Delaware Department of State, Division of Corporations to be the entity owned by Social Psychiatry Research, Inc., Blinder and Kupershtok to conduct the business in

3

the Ukraine.

17. By June 2005, Kiev, Vitakis and/or Lehman caused the registration of SPRI International to be changed with the Delaware Department of State, Division of Corporations from a corporation to a limited liability company. For purposes of brevity SPRI International, Inc. and SPRI International, LLC will be referred to herein as SPRI International.

18. Also, in 2004, Kupershtok and Blinder formed SPRI Ukraine to perform their responsibilities in organizing and conducting the clinical trials the Ukraine.

19. The parties agreed further that SPRI Ukraine would become wholly owned by SPRI International and in exchange, Kupershtok and Blinder would receive 35% of the shares of SPRI International.

20. Before the formation of SPRI International and SPRI Ukraine, a contract to perform a clinical trial for Pfizer in the Ukraine was entered into by Social Psychiatry Research, Inc. and it was contemplated that, upon the formation of SPRI International, the income and expenses generated for this project would be transferred from Social Psychiatry Research, Inc. to SPRI International and any eventual profits from this project would be split 65% to Social Psychiatry Research, Inc. and 35% to Blinder and Kupershtok.

21. Social Psychiatry Research, Inc., Kupershtok and Blinder signed a letter agreement dated November 18, 2004 which summarized the terms of their business deal as described above. See Exhibit A.

22. Also, Social Psychiatry Research, Inc agreed that, within 60 days of the execution of the letter agreement, it would create and execute a shareholders' agreement under the conditions set forth in the letter agreement, but no shareholders' agreement was ever executed.

4

23. In December 2005, Vitakis informed Kupershtok and Blinder that Social Psychiatry Research, Inc. had loaned $200,000 to SPRI International to fund its business, he claimed that Social Psychiatry Research, Inc. would no longer finance the business independently any more, and he requested that Kupershtok and Blinder loan $70,000 to SPRI International.

24. In accordance with this request, Kupershtok caused Pharmaceutical Trade House Inc. to issue two checks to SPRI International, in the amounts of $50 000 and $20 000 and Kupershtok gave these checks directly to Vitakis.

25. In accordance with the parties' understanding that the payments to SPRI International totaling $70,0000 constituted a loan to SPRI International from Kupershtok and Blinder, Vitakis promised to present Kupershtok with a Promissory Note.

26. Vitakis failed to provide a Promissory Note as promised, and SPRI International has not, as of the filing of the Complaint repaid the $70,000 loan.

27. In addition to the aforementioned $70 000 loan which remains outstanding, Kupershtok and Blinder spent approximately $85 000 more of their own funds on the project for business related expenses, including but not limited to travel and set-up costs.

28. Blinder and Kupershtok provided documentation of these expenses to Lehman.

29. Thus, for the period 2004 - 2006 Blinder and Kupershtok lent SPRI International $70,000 and invested another $85 000 into the project.

30. In addition, Blinder and Kupershtok established the business in the Ukraine, hired and trained the staff, developed a database of potential investigators, and successfully managed and supervised seven clinical trial projects.

31. Despite Blinder's and Kupershtok's investment of funds and sweat equity, and

5

without warning or explanation, Kiev, Vitakis and Lehman declared their intent to begin operating the Ukrainian operation without the participation of Kupershtok and Blinder.

32. In furtherance of this declaration, Lehman established SPRI Clinical Trials, and began operating SPRI International's Ukranian business under this name.

33. Upon information and belief, Lehman contacted the employees of SPRI Ukraine and offered to continue their employment with SPRI Clinical Trials.

34. Upon information and belief, all contracts between SPRI Ukraine and sponsors of clinical trials as well as contracts with investigators were shifted to SPRI Clinical Trials.

35. SPRI International has not distributed any profits to Kupershtok or Blinder from the time of its formation to the time of the filing of this Complaint despite the agreement to do so as set forth in the letter agreement attached hereto as Exhibit A.

36. Blinder and Kupershtok have been frozen out of SPRI International and they have been deprived of the benefits of their ownership in this closely held business.

37. All profits earned by SPRI International have been retained by Social Psychiatry Research, Inc., Kiev, Vitakis and Lehman.

## COUNT I
## BREACH OF CONTRACT v. SOCIAL PSYCHIATRY RESEARCH, INC.

38. Blinder and Kupershtok incorporate the averments in the preceding paragraphs of this pleading as if they were fully set forth herein.

39. Blinder and Kupershtok are owners of 35% of SPRI International.

40. Social Psychiatry Research, Inc. agreed to pay Blinder and Kupershtok 35% of the net profits earned by SPRI International in the letter agreement dated November 18, 2004.

41.  Social Psychiatry Research, Inc. has failed and refused to pay Blinder and Kupershtok their share of the profits.

42.  This failure and refusal to pay Blinder and Kupershtok their share of profits is a breach of the agreement which resulted in damage to Blinder and Kupershtok.

43.  Social Psychiatry Research, Inc. is liable to Blinder and Kupershtok for the damage caused by this breach of contract.

WHEREFORE, Blinder and Kupershtok demand judgment in their favor and against Social Psychiatry Research, Inc. for the following amounts and in the following forms:

a.  in an amount in excess of $75,000 measured by 35% of all profits earned by SPRI International from the commencement of the business to the date of the judgment;

b.  for a constructive trust to be imposed on all profits earned by SPRI International on a yearly basis for each year in which SPRI International continues to conduct business;

c.  for attorneys fees, costs of suit, pre and post judgment interest and punitive damages, and

d.  for an order immediately enjoining Social Psychiatry Research, Inc. from operating its competing clinical trial business in the Ukraine run by Matthew Lehman through SPRI Clinical Trials, and;

e.  for all other equitable and legal relief the Court deems fair and just.

## COUNT II
## BREACH OF CONTRACT v. SPRI INTERNATIONAL, LLC

44.  Blinder and Kupershtok incorporate the averments in the preceding paragraphs of this pleading as if they were fully set forth herein.

7

45. Blinder and Kupershtok lent SPRI International $70,000 in return for a promise by Vitakis that SPRI International would repay Blinder and Kupershtok.

46. SPRI International has failed and refused to pay the $70,000 sum to Blinder and Kupershtok.

47. SPRI International breached its contractual obligation to pay back the $70,000 loan advanced by Blinder and Kupershtok.

**WHEREFORE,** Blinder and Kupershtok demand judgment in their favor and against SPRI International, Inc. for the following amounts and in the following forms:

a. for $70,000 plus pre- and post-judgment interest;

b. for all other equitable and legal relief the Court deems equitable and just.

## COUNT III
## REQUEST FOR RELIEF UNDER DELAWARE'S LIMITED LIABILITY ACT

48. Blinder and Kupershtok incorporate the averments in the preceding paragraphs of this pleading as if they were fully set forth herein.

49. In freezing Blinder and Kupershtok out of SPRI International, Social Psychiatry Research, Inc., Kiev, Vitakis and Lehman frustrated the reasonable expectations of Blinder and Kupershtok of the benefits they would derive as a result of their ownership of an interest in SPRI International.

50. In freezing Blinder and Kupershtok out of SPRI International, Social Psychiatry Research, Inc., Kiev, Vitakis and Lehman breached their duties of good faith and fair dealing which cannot be waived under Delaware law.

51. When no remedy is provided specifically in the Delaware Limited Liability

Company Law, the Court has broad discretion to craft a remedy under the law or in equity.

**WHEREFORE**, Blinder and Kupershtok demand judgment in their favor and against SPRI International, Inc. for statutory and equitable relief in the following forms:

a. a decree of dissolution pursuant to 6 Del. C. § 18-802 due to the frustration of the purpose of the SPRI International resulting from the freezing out of Blinder and Kupershtok;

b. a decree appointing a receiver for SPRI International to conduct its affairs after judicial dissolution pursuant to 6 Del. C. § 18-805;

c. a decree appointing a custodian under the Court's equitable powers;

d. a decree establishing a constructive trust over all profits earned by SPRI International from the beginning of its operation to the time the decree is dissolved;

e. a decree requiring that Blinder and Kupershtok be permitted to inspect the books and records of SPRI International on a quarterly basis;

f. a decree for any other relief the Court deems equitable and just.

## COUNT IV
## BREACH OF FIDUCIARY DUTY v. SOCIAL PSYCHIATRY RESEARCH, INC.

52. Blinder and Kupershtok incorporate the averments in the preceding paragraphs of this pleading as if they were fully set forth herein.

53. As the controlling member of SPRI International, Social Psychiatry Research, Inc. owed a fiduciary duty to Blinder and Kupershtok to refrain from using its control of SPRI International for its own benefit, to the detriment of Blinder and Kupershtok.

54. In freezing out Blinder and Kupershtok and then organizing a new entity to take over the functions assumed by Blinder and Kupershtok in the organization and management of

9

clinical trial in the State of Ukraine, Social Psychiatry Research, Inc. breached its fiduciary duty to Blinder and Kupershtok.

55. Blinder and Kupershtok suffered damages as a result of these breaches of fiduciary duty.

**WHEREFORE,** Blinder and Kupershtok demand judgment in their favor and against Social Psychiatry Research, Inc. for the following amounts and in the following forms:

a. in an amount in excess of $75,000 measured by 35% of all profits earned by SPRI International from the commencement of the business to the date of the judgment;

b. for a constructive trust to be imposed on all profits earned by SPRI International on a yearly basis for each year in which SPRI International continues to conduct business;

c. for attorneys fees, costs of suit, pre and post judgment interest and punitive damages, and

d. for an order immediately enjoining Social Psychiatry Research, Inc. from operating its competing clinical trial business in the Ukraine run by Lehman through SPRI Clinical Trials, and;

e. for all other equitable and legal relief the Court deems fair and just.

**ALAN L. FRANK LAW ASSOCIATES, P.C.**

By: _____
ALAN L. FRANK, ESQUIRE (AF-5534)
8380 Old York Road, Suite 410
Elkins Park, PA 19027
(215) 935-1000
(215) 935-1110 (Fax)

SPRI International, Inc.
150 East 69th Street
New York, NY 10021


November 18, 2004


Re: SPRI International, Inc./Social Psychiatry Research, Inc./Blinder/Kupershtok

It is our mutual understanding that Social Psychiatry Research, Inc. is desirous of entering into a shareholders agreement with Arnold Blinder and Igor Kupershtok concerning a joint venture to provide clinical trial studies in the Ukraine.

In contemplation of a more formalized shareholders agreement to follow within sixty (60) days, we have set forth an outline of the terms and conditions to which the parties have agreed.

## Letter of Agreement by and among
## Social Psychiatry Research, Inc., SPRI International, Mr. Arnold Blinder and Mr. Igor Kupershtok

Social Psychiatry Research, Inc. is a corporation doing business in New York which conducts clinical trial studies in the United States. Social Psychiatry is currently the sole shareholder of SPRI International, Inc., a Delaware corporation in the business of managing clinical trials in Ukraine.

Social Psychiatry Research, Inc. is desirous of allocating 35% of its shares in SPRI International, Inc. as follows: 17.5 % of its shares to Igor Kupershtok Law Offices of Benjamin M. Pinczewski, P.C., 2470 East 16th Street, Brooklyn, New York 11235, and 17.5% of its shares to Arnold Blinder c/o Law Offices of Benjamin M. Pinczewski, P.C., 2470 East 16th Street, Brooklyn, New York 11235, individually.

In addition, the current board of SPRI International, Inc. has agreed to make annual distribution of the net profits (on a cash basis) of said corporation as follows:

65% of the net profits (on a cash basis) paid annually to Social Psychiatry Research, Inc., 17.5 % of the net profits to Igor Kupershtok, individually, and 17.5 % of the net profit to Arnold Blinder, individually.

By entering into this agreement, none of the parties herein shall be considered an employee or agent on behalf of SPRI International, Inc. All parties herein must abide by


EXHIBIT A

the guidelines set forth by the pharmaceutical companies and SPRI International, Inc. which orders and authorizes the clinical trial studies.

    This agreement is to be followed by a more formal shareholders agreement executed by each of the parties hereto.

Dated: Brooklyn, New York
       November 18, 2004

AGREED TO AND ACCEPTED BY:

_____
Social Psychiatry Research, Inc.
Matthew Lehman
Director of Operations

_____
Igor Kuperstok, Individually

_____
SPRI International, Inc.
Matthew Lehman
Director of Operations

_____
Arnold Blinder, Individually